## SUPREME COURT.

GEORGE S. ROBBINS and GEORGE A. ROBBINS agt. PAUL SEITHEL AND CHARLES H. LOCK.

Where the plaintiffs agreed to sell to one of the defendants, three *promissory notes* at a stipulated price, and permitted him to take them from their office without exacting payment, and nothing said about giving credit; that said defendant agreed to sell said notes to the other defendant, and permitted him to take them in the same way, and the latter forthwith sold and delivered the notes to *bona fide* customers, received the money, and appropriated part of it to his own use, and sent the remainder, with a note, through the first defendant to the plaintiffs, *Held*, that both defendants were properly *arrested* and held to bail; it appearing that all the parties were note brokers, and the plaintiffs alleged that they never intended to give credit to the first defendant, and that it is the universal custom, usage and understanding among note brokers and dealers in commercial paper in New York city, that the transfer of the paper and payment of the money therefor shall be simultaneous acts.

*New York Special Term, May*, 1860.
MOTION to vacate order to arrest.

BONNEY, Justice.   On 9th September last, an order of arrest was issued in this action, under which the defendant Lock was held to bail in three thousand dollars.   The action, as stated in the complaint, is for the amount of three promissory notes, alleged to have been on 6th September, 1859, wrongfully obtained from the plaintiffs by defendants, and converted to their own use.

The warrant was granted on an affidavit of Francis Bacon, stating that on 6th September, 1859, the defendant Seithel,

by fraud and deceit, obtained from plaintiffs three notes, under color and pretence of a purchase thereof for cash, which he agreed to pay forthwith; that, without making such payment, Seithel wrongfully delivered said notes to defendant Lock, who wrongfully received the same without parting with any consideration therefor, and forthwith disposed of them to others for $6,104.98, which Lock received from the purchasers, and deposited in the Bank of the Commonwealth, and then drew therefrom $2,500, which he appropriated to his own use, and took a certified check for $3,000, which he sent to Seithel, whom the same afternoon delivered it to plaintiffs, together with a note written by Lock to Seithel, true perhaps in the letter, but clearly conveying, and intended to convey, a false impression. The affidavit, in my opinion, authorized the issuing of the warrant.

The defendant Lock moved to discharge the warrant of arrest. The papers show in substance, that the plaintiffs agreed to sell the notes in question to Seithel, at an agreed price, and permitted him to take them from their office without exacting payment. Nothing was said about giving credit; that Seithel agreed to sell said notes to Lock, and permitted him to take them without exacting payment; nothing said about payment; and that Lock forthwith sold and delivered the notes to *bona fide* customers, received the money therefor, and disposed of it as before stated.

The said parties are all note brokers or negotiators, and the whole transaction was on the same day, (6th September, 1859,) and in New York. Seithel had before this time on several occasions, purchased paper of plaintiffs, and he had previously had his place of business in the same room with Lock, at 130 Water street, but it is denied that they were ever partners, or interested together in business, and since August last, Seithel had been at another place. The plaintiffs deny that they ever gave or intended to give credit to Seithel, and state, that it is the universal custom, usage, and understanding among brokers and dealers in commer-

cial paper in New York, that the transfer of the paper and payment of the money therefor, shall be simultaneous acts.

It is insisted on behalf of defendant Lock, that the plaintiffs delivered the notes to Seithel without exacting previous or simultaneous payment of the money, and thereby gave him credit and time for payment of the consideration, and that Seithel thereupon became the owner of and acquired good title to the notes, with right to dispose of them as his own property and as he pleased; that by the transaction between Lock and Seithel, the defendant Lock acquired a perfect title to the notes against Seithel, the plaintiffs, and all other persons, and that the plaintiffs can maintain no action against him for either the notes or their proceeds or value.

I am satisfied that the plaintiffs never intended to give Seithel credit for the price of the notes, and that the notes were not so delivered to him, but that plaintiffs might, under title seven, chapter two, section 206, &c., of the Code, have reclaimed them from any and every person, except a *bona fide* purchaser of the notes.

If Lock had retained the notes, without making payment for them until action commenced, the plaintiffs might, in my judgment, have taken them from him. The vendees of Lock by their purchase and payment in good faith acquired good title to the notes, and the question now is whether the plaintiffs, who could have recovered the notes from Lock, if they had remained in his hands, can maintain this action against him for the balance of the proceeds which he has received for them, and not paid over, and therein hold him to bail, under title seven, chapter one of the Code, or otherwise. The plaintiffs have a clear equity to the money demanded, as well against Lock as against Seithel. Whether or not they can enforce it against Lock, in this action, will depend on the facts which shall be proved at the trial.

The affidavits are conflicting, and it is not incumbent on

me now to try and decide the case on them. The defendant has given bail under a warrant regularly issued, on a sufficient affidavit, and the papers before me do not, in my judgment, show sufficient cause for discharging such warrant and bail.

Motion denied, ten dollars costs.